UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHWETA PANDEY AND RAMESH PANDEY, | : : : |
| Plaintiffs, | : Civil Action No. 20-19958 (MCA) (MAH) : |
| v. | : : |
| CONTINENTAL CASUALTY COMPANY, INC., d/b/a CNA INSURANCE COMPANIES, John or Janes Does 1-10 and ABC CORPORATIONS 1-10,., et al., | : : REPORT AND RECOMMENDATION : : : |
| Defendants. | : : |

## I. INTRODUCTION

This matter is presently before the Court on the motion of Plaintiffs Shweta Pandey and Ramesh Pandey to remand this action to the Superior Court of New Jersey, Law Division, Essex County. *See* Pl.'s Motion to Remand, January 4, 2021, D.E. 10. Defendants cross move for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. The Honorable Madeline Cox Arleo, U.S.D.J., referred this motion to the Undersigned for a Report and Recommendation. For the reasons set forth below, the Undersigned respectfully recommends that the District Court deny Plaintiffs' motion.

## II. BACKGROUND

Plaintiff Shweta Pandey is a New Jersey resident living in the Township of Millburn. Compl., D.E. 1-1, Ex. A Pet. for Removal, ¶ 1. Ramesh Pandey is Shweta Pandey's husband and is also a New Jersey resident and resides with Shweta Pandey in the Township of Millburn. *Id.* at ¶ 2. Defendant Continental Insurance Company, d/b/a CNA Insurance Companies ("CNA") is an

Illinois corporation with its principal place of business in Illinois. Decl. of David B. Lehman, January 19, 2021, D.E. 11-2 ("Lehman Decl."), ¶¶ 4; Pet. for Removal, D.E. ¶ 10. CNA maintains offices throughout the United States, including two New Jersey offices. Pet. for Removal, ¶ 11.

The Complaint alleges violations of the New Jersey Law Against Discrimination ("NJLAD"), breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, tortious interference with prospective economic advantage, and loss of companionship, society, guidance and material services and consortium. Compl., D.E. 1-1, Ex. A and C to Pet. for Removal.

Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Essex County on November 11, 2020. *See* Civil Case Information Statement, D.E. 1-1, Ex. A to Pet. for Removal, at 14. On November 16, 2020, Plaintiffs filed a second copy of the Complaint to correct a filing deficiency. Mot. to Remand, D.E. 10 at 2. Plaintiff served CNA at its Warren New Jersey office on November 24, 2020. *See* Affidavit of Service, D.E. 1-1, Ex. B to Pet. for Removal, at 16. On December 21, 2020, CNA removed the matter to this Court on the basis of diversity jurisdiction conferred by 28 U.S.C. § 1332. *See* Notice of Removal, D.E. 1.

On January 4, 2021, Plaintiffs moved to remand this matter to the Superior Court of New Jersey, Law Division, Essex County. Mot. to Remand, D.E. 10. Plaintiffs acknowledge that CNA is incorporated in Illinois. *Id.* at 3. Further, "Plaintiffs concede that CNA's main corporate office is located in Illinois. . . ." *Id.* However, Plaintiffs argue, "New Jersey has proper specific jurisdiction over CNA because CNA has established minimum contacts with the State of New Jersey." *Id.*

**III.     A**NALYSIS[1]

Removal pursuant to 28 U.S.C. § 1441 is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy is greater than $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). To satisfy the diversity of citizenship requirement, each Plaintiff must be completely diverse from each Defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374-75 (1978). A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c). Upon removal, the party asserting federal jurisdiction "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). All doubts concerning jurisdiction must be resolved in favor of remand. *See id.*

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Corporations thus have dual citizenship for purposes of diversity jurisdiction. The statute does not articulate an "either/ or" definition nor does it allow parties to choose the state of corporate citizenship which best suits the requirements of complete diversity. "In evaluating the citizenship of corporate parties, district courts are permitted to rely upon the parties' sworn affidavits setting forth their proper places of incorporation and principal place of business." *Chang v. Bank of New York Mellon Corp.*, No. 17-11061, 2018 WL 278737,

---

[1] Because a motion to remand is dispositive, the Undersigned proceeds by way of a Report and Recommendation.   *See In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998).

at *2 (D.N.J. Jan. 2, 2018) (quoting *Collins v. James W. Turner Constr., Ltd.*, No. 16-2877, 2017 WL 210236, at *3 (D.N.J. Jan. 18, 2017)).

There is no dispute that CNA is incorporated in Illinois and that its principal place of business is in Illinois. That is clear from the Declaration of David B. Lehman, CNA's Assistant Secretary of CNA Financial Corporation. *See* Decl. of David B. Lehman, January 19, 2021, D.E. 11-2, ¶¶ 2-5. And as noted above, Plaintiffs do not deny that CNA's principal place of business and state of incorporation are in Illinois. Plaintiff's Mot. to Remand, D.E. 10, at 3. Plaintiffs argue, however, that New Jersey has specific jurisdiction over CNA because Defendants maintained minimum contacts with New Jersey. But specific jurisdiction predicated on a defendant's minimum contacts with a state is a principle of personal jurisdiction, and has no applicability to whether this Court has subject matter jurisdiction over the dispute. *See Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (holding that a court may find personal jurisdiction based on a defendant's minimum contacts with forum state and where assertion of jurisdiction based on those contacts comports with traditional notions of "fair play and substantial justice."); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (specific personal jurisdiction requires that the claim "arise out of" or "relate to" defendant's minimum contacts with forum state).

Accordingly, Plaintiffs' argument fails. CNA timely removed this matter on the basis of diversity jurisdiction conferred by 28 U.S.C. § 1332. There is complete diversity of citizenship and there is no dispute that the amount in controversy exceeds $75,000. The Court therefore concludes that removal was proper.

    **a.**    **Defendants' Cross Motion for Sanctions Pursuant to Fed. R. Civ. R. 11 and 28 U.S.C. §1927**

When considering a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, a court must determine if the attorney's conduct was "objectively reasonable" under the circumstances. *See, e.g*, *Ario v. Underwriting Members of Syndicate* 53, 618 F.3d 277, 297 (3d Cir. 2010). The Third Circuit defines "reasonableness" as the "'objective knowledge or belief at the time of the filing of the challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). Sanctions will be applied only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). "Rule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.'" *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986).

Section 1927, entitled "Counsel's liability for excessive costs," states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. However, "sanctions may not be imposed under this statute against attorneys for vexatious and unreasonable multiplication of proceedings absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009). An attorney's conduct "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *Id.*

5

Here, though the Court did not find any merit to Plaintiffs' motion, the Court does not conclude that Plaintiffs' motion was patently frivolous or vexatious litigation. Instead, it appears that Plaintiffs conflated the minimum contacts test for specific personal jurisdiction with the standards for subject matter jurisdiction. As such, the Court "is not of the view that sanctioning Plaintiff's counsel is appropriate before the tipping-point of frivolousness has been reached." *Vilinsky v. Phelan Hallinan Diamond & Jones*, PC, No. 15-cv-650-JBS-JS, Opinion at 7, 9-10, Oct. 13, 2015, D.E. 25. Plaintiffs' counsel has not exhibited conduct so unreasonable as to warrant the imposition of sanctions. While the Court ultimately disagreed with Plaintiffs application of the minimum contacts test, "the Court does not now find that counsel missed the mark widely enough for sanctions." *Id.* at 6. Therefore, the Court recommends denial of Defendants' request for sanctions under Fed. R. Civ. R. 11 and 28 U.S.C. §1927.

## IV. CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that the District Court deny Plaintiffs Shweta Pandey and Ramesh Pandey's Motion to Remand this action to the Superior Court of New Jersey, Law Division, Essex County pursuant to 28 U.S.C. § 1447. The Undersigned further recommends that the Court deny Defendants' cross motion for sanctions pursuant to Fed. R. Civ. R. 11 and 28 U.S.C. §1927.

The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Date: February 16, 2021